IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JINENDRA JINADASA, | ) | CIVIL NO. 14-00441 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS AND DENYING MOTION TO |
| vs. | ) | STRIKE |
| | ) | |
| BRIGHAM YOUNG UNIVERSITY-HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO STRIKE**

I. **INTRODUCTION.**

Defendants Brigham Young University-Hawaii ("BYU Hawaii"), Kevin Schlag, Tessie Faustino, Steven C. Wheelwright, and Max L. Checketts (collectively, "Defendants") move to dismiss Plaintiff Jinendra Jinadasa's Second Amended Complaint for failure to state a claim upon which relief can be granted. Defendants also move to strike certain allegations in the Second Amended Complaint. The motion to dismiss is granted and the motion to strike is denied as moot.

II. **FACTUAL BACKGROUND.**

Jinadasa, who is proceeding pro se, is a Web Architect at BYU Hawaii. See ECF No. 29, PageID # 106. Jinadasa alleges that he is the only black administrative staff member at BYU Hawaii. See id. at PageID # 108.

In his Second Amended Complaint, filed on January 27, 2015, Jinadasa asserts an intentional infliction of emotional

distress claim and disparate treatment and retaliation claims under Title VII against BYU Hawaii and four individual BYU Hawaii employees.  See id. at PageID #s 107-08.

Jinadasa alleges that he was subjected to disparate treatment in violation of Title VII by being denied: (1) equal compensation; (2) advancement opportunities; (3) employee awards; (4) "proper access to web server and tools"; and (4) the opportunity to attend conferences on the U.S. mainland.  See id. at PageID # 108.  Jinadasa also alleges that Defendants "exclud[ed] [him] from key decision making meetings and technical procedures that affected [his] job responsibilities," failed to "invit[e] [him] to office parties," and failed to "respond[] to [his] technical requests and communications."  Id. at PageID #s 108-09.

Jinadasa further alleges that he was retaliated against for filing a charge with the Equal Employment Opportunity Commission ("EEOC") by being: (1) banned from the BYU Hawaii campus; (2) barred from attending a worship service; (3) barred from attending a family wedding on the BYU Hawaii campus; and (4) singled out for violation of BYU Hawaii policy while more severe violations by others were ignored.  See id. at PageID # 108.

Defendants move to dismiss the Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See ECF No. 38.  Defendants also request that the court strike

2

certain portions of the Second Amended Complaint that they allege are "immaterial and inflammatory." See ECF No. 38-1, PageID #s 315-16.

**III.     STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police

Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**IV.     ANALYSIS.**

   **A.   Claims Against Individual Defendants Are Not Cognizable Under Title VII.**

Jinadasa asserts claims under Title VII against Kevin Schlag, Tessie Faustino, Steven C. Wheelwright, and Max L. Checketts in their individual capacities. In his opposition to Defendants' motion to dismiss, Jinadasa says that he named those Defendants in their individual capacities out of concern that "the defendants would be leaving the university and that the university will deny all wrongdoings and blame it on the individual defendants after they have left." ECF No. 44, PageID # 329.

That concern does not overcome the bar on claims against individuals under Title VII. See, e.g., Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993) (individual employees are not subject to liability under Title VII); Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1216 (D. Haw. 2001) (same). Title VII provides for claims against certain employers, not against other employees, even if the other employees are supervisors. Jinadasa cannot state claims against the individual Defendants under Title VII.

   **B.   Jinadasa Fails to State a Claim Against BYU Hawaii for Disparate Treatment Under Title VII.**

Jinadasa appears to allege that BYU Hawaii discriminated against him in the terms and conditions of his

5

employment in violation of Title VII (42 U.S.C. § 2000e).  See ECF No. 29, PageID # 108.  His allegations are not entirely clear, but he may be alleging discrimination on the basis of his race or national origin, as he describes himself as "the only black administrative staff at the university," which he says "favo[]rs caucasians" and has a "predominantly white administration."[1]  Id. at PageID # 107.  He also refers to "a direct violation of Title VII protecting the plaintiff due to his national origin."  Id. at PageID # 108.  Jinadasa fails, however, to state a plausible disparate treatment claim.

To establish a violation of Title VII, a plaintiff may offer direct evidence of discrimination.  See Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002).  Direct evidence is "evidence which, if believed, proves the fact of discriminatory animus without inference or presumption."  Coghlan v. Am. Seafoods Co. LLC., 413 F.3d 1090, 1095 (9th Cir. 2005) (internal quotation marks and brackets omitted).  The Second Amended Complaint does not include factual allegations relating to direct evidence of discrimination.

In the absence of direct evidence of discrimination,

---

[1] The Second Amended Complaint alleges that an EEOC investigation found "strong evidence of gender discrimination in pay."  ECF No. 29, PageID # 107.  However, Jinadasa does not actually allege that he himself suffered sex discrimination, and "sex" was not checked on his EEOC charge as a form of discrimination he was administratively complaining about.  See ECF No. 38-3, PageID #s 320-23.

discrimination claims under Title VII are analyzed under the burden-shifting framework established in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (McDonnell Douglas framework applies to Title VII claims).

Under McDonnell Douglas, a plaintiff establishes a prima facie case of discrimination by offering proof: (1) that the plaintiff belongs to a class of protected persons; (2) that the plaintiff was qualified for his or her position and performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently from a similarly situated employee who does not belong to the same protected class as the plaintiff. See id.; Hodges v. CGI Fed. Def. & Intelligence, Civ. No. 12-00420 LEK-BMK, 2014 WL 5528228, at *3 (D. Haw. Oct. 31, 2014).

In assessing the sufficiency of Jinadasa's disparate treatment claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court is cognizant that, in Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002), the Supreme Court noted, "The prima facie case . . . is an evidentiary standard, not a pleading requirement." While Jinadasa is not, for the purposes of Defendants' motion to dismiss, strictly bound by the elements of a prima facie case, those elements are a useful tool in

7

assessing whether Jinadasa meets the requirement in Rule 8(a) of the Federal Rules of Civil Procedure that a complaint contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." (Emphasis added).

A pleader is only entitled to proceed if he or she states a plausible claim, and a claim can be so meagerly asserted as to be rendered implausible. See Fresquez v. Cnty. of Stanislaus, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case in order to survive a motion to dismiss, courts look to those elements to analyze a motion to dismiss –- so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); Lindsey v. Claremont Middle Sch., No. C 12-02639 LB, 2012 WL 5988548, at *2 n. 3 (N.D. Cal. Nov. 29, 2012) ("[E]ven though [plaintiff] does not need to establish prima facie cases for his or her claims at this point, the court will look to the required elements to determine whether the facts that are alleged state plausible claims for relief."). At some point, a claim may be so lacking in specificity and information that a claimant's entitlement to relief is reduced to being speculative. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at

555. Such is the case here.

Jinadasa appears to allege that BYU Hawaii subjected him to adverse employment actions by denying him: (1) equal compensation; (2)"advancement opportunities"; (3) "employee awards"; (4)"proper access to web server and tools"; and (5) the opportunity to attend conferences on the U.S. mainland. See ECF No. 29, PageID # 108. Jinadasa also may be alleging that the following actions were adverse employment actions for the purposes of his disparate treatment claim: (1) exclusion from meetings and "technical procedures"; (2) exclusion from office parties; and (3) lack of response to "technical requests and communications." Id. at PageID #s 108-09.

An adverse employment action in the context of a Title VII disparate treatment claim "is one that materially affects the compensation, terms, conditions, or privileges of . . . employment." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and brackets omitted).

Jinadasa's allegations that he was denied employee awards, denied proper access to a web server and unspecified "tools," excluded from office parties, and ignored in his "technical requests and communications" do not provide a sufficient basis for this court to infer that Jinadasa was subject to an adverse employment action. No allegations in the Second Amended Complaint suggest that those actions caused "a

9

material employment disadvantage, such as a tangible change in duties, working conditions or pay." Delacruz v. Tripler Army Med., 507 F. Supp. 2d 1117, 1123 (D. Haw. 2007); see also Kirkland v. Conn. Dep't of Soc. Servs., No. 3:10 CV 2037 WWE, 2013 WL 4054628, at *5 (D. Conn. Aug. 12, 2013) ("Defendant's failure to ensure plaintiff's participation in the holiday party represents a petty slight or minor annoyance that cannot form the basis of a Title VII claim."); Nelsen v. McHugh, No. CV-08-1424-ST, 2011 WL 3422869, at *18 (D. Or. Apr. 5, 2011) ("[Plaintiff] alleges that she was not provided job recognition. However, any such failure is not an adverse employment action because it does not affect the terms and conditions of her employment."). It is clear that "not every employment decision amounts to an adverse employment action." Id. at 1124.

Jinadasa's allegations that he was denied advancement opportunities, denied the opportunity to attend conferences on the mainland, and excluded from "key decision making meetings" and "technical procedures that affected [his] job responsibilities," ECF No. 29, PageID # 108, may concern adverse employment actions, but Jinadasa fails to provide sufficient factual information regarding those alleged actions and their effect on his compensation, terms, conditions, or privileges of employment. The conclusory assertion that an action had an effect on "job responsibilities," without more, is ordinarily

10

insufficient. Jinadasa must provide this court with more factual allegations going to the material effect of alleged actions to state a plausible claim.

Jinadasa's allegation that he was denied "equal compensation," if read liberally, appears to sufficiently allege an adverse employment action. An allegation that Jinadasa's compensation was unequal to the compensation of other similarly situated employees reasonably leads this court to the inference that Jinadasa's compensation was materially affected. See Davis, 520 F.3d at 1089 (an adverse employment action "is one that materially affects the compensation, terms, conditions, or privileges of . . . employment." (internal quotation marks and brackets omitted)). However, even if Jinadasa's allegation that he was denied equal compensation is sufficient to plausibly allege an adverse employment action, other deficiencies in the pleading of Jinadasa's disparate treatment claim require its dismissal.

Jinadasa's Second Amended Complaint does not allege that BYU Hawaii treated him less favorably than a similarly situated employee not belonging to the same protected class. He says that his "co-workers with lower experience, less time or seniority at the institution, poor work performance, less responsibilities, and less education were receiving $10,000-$15,000 more" than he was in compensation, ECF No. 29,

11

PageID # 110, but this allegation does not go to whether Jinadasa was discriminated against based on his race or his national origin.

Nor does Jinadasa allege that he was qualified for his position and performed his job satisfactorily. While, as noted above, Jinadasa is not strictly bound by the elements of a prima facie case, his failure to allege this element is only one of several weaknesses in his claim.

The court recognizes that Jinadasa's opposition memorandum may contain information relevant to some of the deficiencies of the Second Amended Complaint noted in this order. New factual allegations in Jinadasa's opposition, however, may not be considered in assessing the sufficiency of the Second Amended Complaint. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); Moniz v. Am. Home Mortgage Servicing, Inc., Civ. No. 11-00160 SOM/BMK, 2011 WL 2746805, at *3 (D. Haw. July 13, 2011) (allegations made for the first time in an opposition memorandum may not be considered); Balagso v. Aurora Loan Servs., LLC, Civ. No. 11-00029 SOM/BMK, 2011 WL 2133709, at *3 (D. Haw. May 26, 2011) (same). Factual allegations may only affect the sufficiency of Jinadasa's claims

12

under Rule 12(b)(6) if contained within Jinadasa's complaint.

Because Jinadasa fails to state a plausible claim for disparate treatment under Title VII, that claim is dismissed.

### C. Jinadasa Fails to State a Claim for Retaliation Under Title VII.

Jinadasa appears to allege that he was retaliated against by BYU Hawaii in violation of Title VII after he filed a charge with the EEOC. See ECF No. 29, PageID # 108. Jinadasa says that he was (1) banned from the BYU Hawaii campus; (2) barred from attending a worship service; (3) barred from attending a family wedding on the BYU Hawaii campus; and (4) singled out for violation of BYU Hawaii policy while more severe violations by others were ignored. See id.

A plaintiff establishes a prima facie case of retaliation by showing that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the two. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1108 (9th Cir. 2008).

This court disagrees with BYU Hawaii's contention that Jinadasa fails to allege that he engaged in a "protected activity." Jinadasa says that he was retaliated against in violation of Title VII because he "had filed with the EEOC." ECF No. 29, PageID # 108. While Jinadasa does not specify what he filed with the EEOC, he is clearly referencing the filing of a charge or complaint. Such an action clearly constitutes a

13

"protected activity." See Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1197 (9th Cir. 2003) ("Protected activity includes the filing of a charge or a complaint, or providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to oppose an employer's discriminatory practices." (internal quotation marks and brackets omitted)).

BYU Hawaii also argues that Jinadasa fails to allege that he suffered an adverse employment action. In support of this assertion, Defendants rely on the same arguments made with respect to Jinadasa's alleged adverse employment actions in the context of his disparate treatment claim. But the definition of an adverse employment action in the context of a retaliation claim is broader than that applying to a disparate treatment claim. See Campbell v. Knife River Corp.--Nw., 783 F. Supp. 2d 1137, 1154 (D. Or. 2011). For a retaliation claim, an adverse employment action is an action that is "reasonably likely to deter employees from engaging in protected activity." Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2003). Given that Defendants present no argument specific to an adverse employment action in the retaliation context and given that Jinadasa's allegations of adverse employment actions are not facially implausible, the court finds no deficiency in Jinadasa's pleading on that basis.

The court concludes, however, that Jinadasa fails to plausibly allege a causal connection between his EEOC filings and the alleged adverse employment actions. Jinadasa says that the two are connected, but offers no factual allegations in support of that conclusory assertion. He does not, for instance, even provide an approximate time frame for the allegedly retaliatory actions. As a result, Jinadasa fails to state a claim for retaliation under Title VII. See Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

### D. Jinadasa Fails to State a Claim for Intentional Infliction of Emotional Distress.

Jinadasa provides little detail in support of his intentional infliction of emotional distress claim. All Jinadasa says is that the individual Defendants collaborated with Norman Black, Jinadasa's direct supervisor, to "inflict emotional distress against the plaintiff and his family in an act of retaliation." ECF No. 29, PageID #s 107-08. Jinadasa's Complaint does not specify what acts he is claiming intentionally inflicted emotional distress on him, leaving this court unable to discern the factual bases of his claim. Jinadasa may be relying

15

on the conduct alleged in support of other claims, and may have mentioned "retaliation" in reference to his intentional infliction of emotional distress claim intending to rely on the actions alleged in connection with his Title VII retaliation claim.  Jinadasa's Second Amended Complaint, however, fails to allow this court to determine whether either of these is true.  Jinadasa's conclusory statement that emotional distress was intentionally inflicted on him, without more, is insufficient.

Without an adequate understanding of the basis of Jinadasa's claim, this court cannot determine whether, as Defendants argue, the claim is barred by the exclusivity provision of Hawaii's workers' compensation law.  See Haw. Rev. Stat. § 386-5.  The exclusivity provision in section 386-5 of Hawaii Revised Statutes bars suits by employees against employers for alleged injuries caused by the allegedly willful acts of co-employees acting in the course and scope of their employment.  See Yang v. Abercrombie & Fitch Stores, 128 Haw. 173, 183, 284 P.3d 946, 956 (App. 2012).  The Hawaii Supreme Court, however, has not stated that the exclusivity provision in section 386-5 applies to claims based on discrimination.  See Furukawa v. Honolulu Zoological Soc., 85 Haw. 7, 18, 936 P.2d 643, 654 (1997); see also Bolla v. Univ. of Hawai'i, 2014 WL 80554, at *2 (App. Jan. 8, 2014) ("Hawai'i state courts have applied the HRS § 386-5 exclusivity provisions to [intentional infliction of

16

emotional distress] claims, unless they arise out of sexual harassment, assault, or discrimination."). It appears that Jinadasa's intentional infliction of emotional distress claim may be based on discrimination. The court, therefore, declines at this time to find that Jinadasa's claim is barred by the exclusivity provision in section 386-5.

However, even if Jinadasa's intentional infliction of emotional distress claim is not barred by section 386-5 and even if Jinadasa is basing that claim on all of the alleged actions cited in support of other claims, he would not state a plausible intentional infliction of emotional distress claim.

To establish a claim for intentional infliction of emotional distress, a plaintiff must show "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Hac v. Univ. of Hawaii, 102 Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003). The conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Tseu ex rel. Hobbs v. Jeyte, 88 Haw. 85, 93, 962 P.2d 344, 352 (1998) (internal quotation marks omitted).

Given the bareness of Jinadasa's factual allegations, the court cannot conclude that Defendants' actions were

sufficiently outrageous to constitute intentional infliction of emotional distress. Intentional infliction of emotional distress may only be established in cases involving particularly extreme conduct.

### E. Jinadasa Lacks Standing to Seek a Permanent Injunction on Behalf of Others.

In his prayer for relief, Jinadasa requests that this court issue a permanent injunction "urging the defendants and Brigham Young University-Hawaii from employment practices or retaliations that discriminates against blacks, polynesians, women, and other non-caucasian minorities at the university." ECF No. 29, PageID # 109. Jinadasa lacks standing to pursue such relief. See Patee v. Pac. Nw. Bell Tel. Co., 803 F.2d 476, 478-79 (9th Cir. 1986) (employees lack standing to bring Title VII suit based on discrimination against others); Sidari v. Orleans Cnty., 174 F.R.D. 275, 285 (W.D.N.Y. 1996) (striking plaintiff's request for relief on behalf of "other persons similarly situated" based on lack of standing).

### F. Defendants' Motion to Strike is Denied.

Defendants request that this court strike allegations in Jinadasa's Second Amended Complaint regarding "gender discrimination" and "multiple discrimination filings." See ECF No. 38-1, PageID # 315. Because this court is dismissing all claims in the Second Amended Complaint, Defendants' motion to strike is denied as moot.

**V.     CONCLUSION.**

Defendants' motion to dismiss is granted and motion to strike is denied. Jinadasa's claims, except for his Title VII claims against the individual Defendants, are dismissed without prejudice. No later than June 22, 2015, Jinadasa may file a Third Amended Complaint addressing the deficiencies noted in the present order. Jinadasa's Title VII claims against the individual Defendants may not be included in his Third Amended Complaint. Jinadasa's Third Amended Complaint must be a freestanding, independent document that does not refer to prior complaints. Once a complaint is dismissed, it is no longer operative, and any new complaint must be complete in and of itself.

If Jinadasa intends to assert sex discrimination, he must make that clear (and should at least consider any issue of failure to exhaust his remedy with the EEOC).

If Jinadasa fails to file a Third Amended Complaint by June 22, 2015, the court may automatically dismiss this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 27, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Jinadasa v. Brigham Young University-Hawaii, et al., Civ. No. 14-00441 SOM/BMK; ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE